ANNA T. O'DONNELL *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

ROSE E. FORD *vs.* SAME.

ANDREW D. W. REID *vs.* SAME.

Suffolk.    January 11, 1910. — February 24, 1910. ·

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence*, In use of electricity, *Res ipsa loquitur.* *Evidence*, Presumptions and bur-
den of proof.    *Electricity.*

At the trial of an action against a corporation operating an elevated railway by
the use of electricity, for personal injuries received by the plaintiff, while travel-
ling upon Shawmut Avenue in Boston, from an explosion in a manhole at the
southeast corner of Shawmut Avenue and Pleasant Street through which ran
several of the cables used by the defendant for the transmission of electricity,
it appeared that the manhole and the cables were in the exclusive charge and
control of the defendant.    The evidence of the plaintiff tended to show that on
previous occasions gas had leaked into the manhole, that for about two hours
before the explosion a little smoke had been seen coming out of a subway very
near the manhole, into which the cables from the manhole ran and where the
defendant's cars ran, and that about fifteen minutes before the explosion smoke
was seen coming out of the manhole, that not long before the explosion there
had been a fire in the subway at a point about two hundred feet south of Boylston
Street, caused by the short circuiting of a large cable there, which had set fire to
a wooden box through which it ran and which had affected two or three of the
cables which ran into the manhole where the explosion occurred, partly melting
off their insulation, although the part of the cables that was in the manhole
was intact, and that there was an automatic circuit breaker at the defend-
ant's power station, the opening of which would have shut the power off from a
wire.    The chief of the city fire department testified that, when he entered the
subway at the time of the fire therein, there was still some electric current in
the cables, but that subsequently it was shut off so that he could make an ex-
amination.    The defendant offered no evidence.    *Held,* that there was evidence
from which, in the absence of any explanation of the explosion by the defendant,
whose officers and men had the best means of knowledge on the question, a find-
ing that the explosion was due to negligence of the defendant or its servants or
agents was warranted.

Electricity being a highly dangerous element, one employing it for his own pur-
poses is held to a correspondingly high degree of care in its use.

THREE ACTIONS OF TORT by travellers upon Shawmut
Avenue in Boston, who were injured by an explosion in a man-
hole of the defendant at the southeast corner of Pleasant Street
and Shawmut Avenue.    Writs dated, two on July 2 and one on
July 9, 1906.

The cases were tried together before *Fessenden*, J.   The facts are stated in the opinion.

The defendant offered no evidence.   At the conclusion of the plaintiffs' evidence, the defendant asked for a ruling that there was not sufficient evidence of negligence on the part of the defendant to warrant verdicts for the plaintiffs.   After conference with counsel, the presiding judge submitted the cases to the jury, counsel for all parties agreeing that if the jury should return verdicts for the plaintiffs, such verdicts should be set aside and verdicts should be ordered for the defendant, and that the cases should be reported to this court with the stipulation that, if there was sufficient evidence of negligence on the part of the defendant to warrant verdicts for the plaintiffs, judgment should be entered in the amounts found by the jury; otherwise, that judgments should be entered on the verdicts for the defendant. Accordingly the cases were submitted to the jury, who found verdicts for the several plaintiffs and assessed damages for the plaintiff O'Donnell in the sum of $2,000, for the plaintiff Ford in the sum of $350 and for the plaintiff Reid in the sum of $10, which last sum was by agreement increased to $30.   These verdicts were set aside and verdicts for the defendant were ordered and the cases were reported in accordance with the agreement.

*J. M. Graham*, for the plaintiffs.

*F. Ranney*, for the defendant.

SHELDON, J.   The only question upon the report in these cases is whether there was sufficient evidence of negligence on the part of the defendant to warrant verdicts against it.   There was evidence that the manhole in which the explosion occurred was the defendant's and that the cables which ran through the manhole were the defendant's cables.   They constituted a part of the appliances by which power was carried to the defendant's lines to be used for the propulsion of its cars.   They were in the exclusive charge and control of the defendant.   There was evidence that for about two hours before the explosion a little smoke had been seen coming out of the defendant's subway very near to this manhole, and out of the manhole itself about fifteen minutes before the explosion.   There was evidence that gas had leaked into this manhole on previous occasions.   There was also

evidence that not long before the explosion there had been a fire in the subway about two hundred feet south of Boylston Street in the direction of this manhole, caused by the short circuiting of a large cable there, which had set on fire a wooden box through which it ran. The fire, according to the evidence, had also affected two or three cables which ran through this manhole, partly melting off from them their lead covering and the insulation which was on them, although the cables in the manhole itself were intact and not burned there or in that locality. There was an automatic circuit breaker at the defendant's power station, the opening of which made the wire " dead," or shut off the power. Madison, the acting chief of the fire department who went to the fire in the subway, testified that there was some current on in the subway, but that it was subsequently taken off so that he could make an examination there.

Meagre as this evidence was, we are of opinion that the jury might have inferred from it that the explosion was due to electric sparks communicated to inflammable and explosive gas in the manhole, and that these sparks came from or were brought by the cables that passed through the manhole. It is difficult to see what other cause could have produced the explosion. And in our opinion the jury might also have found that the bringing or emission of these sparks was due to the effect upon the cables of the fire in the subway a few hundred feet to the north of the manhole. Those cables, it could be found, had been seriously affected by the fire ; no other change than that produced by the fire, so far as the evidence discloses, had been made in or about the cables. No other cause was suggested for the explosion ; the defendant, whose officers and men had the best means of knowledge on the question, offered no explanation and put in no evidence. The fact that power had been promptly shut off from the subway when the firemen needed that to be done, would indicate, even without the testimony of Dey, that it also might have been shut off from the cables in this manhole, which were so seriously affected by the fire in its vicinity. We all know that electricity is a highly dangerous servant, and the defendant employing that dangerous servant for its own purposes is properly held to a correspondingly high degree of care in its use. But there is no evidence of any precaution taken by the defend-

ant to guard against danger which might have been created by the injury to these cables, just as there is no evidence that in fact danger was not to be apprehended in this manhole or elsewhere in the course of those cables by reason of such injury. From these circumstances the inference of negligence on the part of the company could have been drawn. If it is suggested that it may have been illuminating gas which exploded in this manhole, the answer is that this is only conjecture; and even so, just as, on Dey's testimony, the presence here of gas on previous occasions had been harmless, so the jury could find that it would have been on this occasion but for its ignition by reason of the defendant's negligence.

Again, the jury might have found that the short circuiting of the large cable which caused the fire in the subway was due to the defendant's negligence, and that the fire, by the injury which it did to the cables that passed through this manhole, was the cause of the explosion.

In each case judgment must be entered for the plaintiffs for the respective sums stated in the report.

*So ordered.*